### PHILIP OTMAN VS. WILLIAM B. FISH AND THREE OTHERS.

A defendant who is sued in trespass, assault and battery, as a public officer, and before the trial makes a parol settlement with the plaintiff, each party agreeing to pay his own costs; can not disregard such a settlement and go on and subpœna witnesses to the circuit, and afterwards move for double costs.

*Motion by defendant Fish that he be allowed to proceed to judgment for double costs of defence, to be taxed, &c.*—This suit was commenced by capias, against all the defendants jointly; the action trespass, assault and battery. Fish was a constable, in the discharge of official duty at the time the cause of action arose ; he pleaded separately, the other defendants jointly. The cause was noticed for trial at the April circuit, in Onondaga, which commenced on the 14th April, 1845. On the 15th of April, an agreement in writing for a consideration mentioned, was entered into, signed by plaintiff's attorneys, by which the suit was settled as to the three last mentioned defendants. Fish was not present at the settlement, and swore in his affidavit that the settlement was without his knowledge or consent; that he had not at any time made any settlement or arrangement in relation to the cause, with plaintiff or any other person. Defendant showed that the cause was not brought to trial at the circuit for which it was noticed, and that younger issues were tried in their regular order on the calendar. Plaintiff showed that after the settlement with the three defendants as before stated, Fish requested John Otman, plaintiff's son, to tell plaintiff that if he was willing to drop the suit, he, Fish, was willing to do so, but could not pay any thing, for he had nothing to pay with; but if he (plaintiff) would drop it, they each could send their witnesses home, and make no more costs, and wanted John Otman to get plaintiff's answer; plaintiff told John Otman to tell

Fish that he consénted to do so. John Otman in his affidavit swore that he informed Fish, the defendant, that the other defendants had agreed to pay $15, and had settled with plaintiff on their part, and that if he (Fish) paid $10 the suit could be settled on his part. Fish said he was glad the other defendants had settled, and he wished it was settled on his part also, but that he was unable to pay any thing ; he told John Otman to tell plaintiff if he was a mind to settle it and drop it as it was, he would settle it so, but could not pay any thing, because he was unable. John Otman then saw plaintiff, and stated to him the proposition of Fish, to which plaintiff replied, he.would consent to it and drop the suit, and each pay his own cost, and let the witnesses go home. John Otman then went immediately to Fish and told him plaintiff agreed to it, and the suit might be considered settled in that way, and Fish replied, very well then, I suppose it is settled. Plaintiff alleges that Fish afterwards subpœnaed a large number of witnesses, and employed other counsel, with an intention of going on with the cause, and making a large bill of costs.

SPOONER & LE ROY, *Defts Attys.*

N. HILL Jr., *Plff's Counsel.*      LAWRENCE AND BROSNAN, *Plffs Attys.*

JEWETT, Justice.—It appears that the suit was settled with Fish, after the settlement with the other defendants, the motion must be denied.

Motion denied, with costs.